NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000662
22-JAN-2018
10:14 AM

NO. CAAP-17-0000662

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CHARLES HUANG, Plaintiff-Appellee,
v.
DAVID DOUGLAS KROMER, TRUSTEE; and MPI LTD TRUST,
Defendants-Appellees,

---

ANTHONY P. LOCRICCHIO,
Non-Party/Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1RC16-1-1982)

ORDER GRANTING THE NOVEMBER 16, 2017
MOTION TO DISMISS APPEAL AND
DISMISSING AS MOOT ALL OTHER PENDING MOTIONS
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon consideration of Plaintiff-Appellee Charles Huang's (Huang) November 16, 2017 motion to dismiss the appeal, the record, and there being no opposition, it appears that we lack appellate jurisdiction over Non-Party/Appellant Anthony P. Locricchio's (Locricchio) appeal from the Honorable Hilary B. Gangnes's August 3, 2017 order striking Locricchio's motion to disqualify the Honorable Michael Tanigawa from the underlying district court case, Civil No. 1RC16-1-1982.

Locricchio is a non-party who lacks standing to obtain appellate review of the August 3, 2017 order.

> The issue of standing implicates this court's jurisdiction, and, therefore, must be addressed first. Because standing is a jurisdictional issue that may be addressed at any stage of a case, an appellate court has jurisdiction to resolve questions regarding standing, even if that determination ultimately precludes jurisdiction over the merits.

Keahole Def. Coal., Inc. v. Bd. of Land & Nat. Res., 110 Hawai'i 419, 427-28, 134 P.3d 585, 593-94 (2006) (citation and footnote omitted).

> Generally, the requirements of standing to appeal are: (1) the person must first have been a party to the action; (2) the person seeking modification of the order or judgment must have had standing to oppose it in the trial court; and (3) such person must be aggrieved by the ruling, i.e., the person must be one who is affected or prejudiced by the appealable order.

Abaya v. Mantell, 112 Hawai'i 176, 181, 145 P.3d 719, 724 (2006) (citation omitted; emphasis in original). "In other words, non-parties, who did not or could not intervene, are ordinarily denied standing to appeal." Id. (citation and internal quotation marks omitted). For example, in Abaya, the Supreme Court of Hawai'i dismissed the appeal because the appellant did not formally intervene pursuant to Rule 24 of the Hawai'i Rules of Civil Procedure, and, therefore, was not made a party to the case, and lacked standing to appeal. Id. at 184, 145 P.3d at 727.

Here, Locricchio is not a party in the instant case, and he has not formally intervened pursuant to Rule 24 of the District Court Rules of Civil Procedure. Locricchio initially represented Defendant-Appellee David Douglas Kromer, Trustee, MPI Ltd. Trust, in this case, but the Supreme Court of Hawai'i entered an order on October 18, 2016 in SCAD-16-0000218 disbarring Locricchio. Under HRS § 605-2 (2016) and HRS § 605-14 (2016), non-attorneys such as Locricchio "are not permitted to act as attorneys and represent other natural persons in their causes." Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 377, 590 P.2d 570, 573 (1979) (citation and

footnote omitted).  As a non-party in this case, Locricchio lacks standing to obtain appellate review.

Therefore, IT IS HEREBY ORDERED that Huang's November 16, 2017 motion to dismiss the appeal is granted, and the appeal is dismissed.

IT IS FURTHER HEREBY ORDERED that all other pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, January 22, 2018.

Presiding Judge

Associate Judge

Associate Judge